*LOUISVILLE & CINCINNATI PACKET CO. v. J. W. LONG.

1. **Act of God Injected as Defense When not Pleaded, is Erroneous, but Reversal Refused Because not Prejudicial to Complainant.**

   Subjection of an instruction as to act of God as a matter of defense, in an action against a carrier for the value of apples frozen in transit, no such issues being pleaded, constitutes error; but since the error was prejudicial to the consignee rather than the carrier, it is not ground for reversal upon petition in error of the carrier.

2. **Freezing Apples in Transit in December in Southern Ohio not Due to Act of God.**

   Freezing of a shipment of apples in transit in the latitude of Southern Ohio in December cannot be attributed to the act of God, or to any inherent nature of the fruit which could not be guarded against, but is due to the negligence of the carrier.

   [Syllabus approved by the court.]

ERROR to common pleas court.

---

*Affirmed, no op., Louisville & C. Packet Co. v. Long, 88 O. S. 569.

*Stephens, Lincoln & Stephens,* for plaintiff in error.

*Charles Broadwell,* for defendant in error.

## JONES, J.

The petition filed in the common pleas court by defendant in error, alleges that, "on December 12, 1904, at Louisville, Kentucky, plaintiff delivered to the defendant, in good order, certain goods, the property of the plaintiff, to wit: 102 barrels of apples of the value of $230, and in consideration of $31.15 paid by plaintiff to the defendant, the defendant agreed to carry said goods from Louisville to Cincinnati and there deliver said goods to plaintiff in good condition. The plaintiff did not safely carry and deliver said goods in accordance with said agreement, but so negligently and carelessly conducted itself in that behalf that said goods were wholly lost to plaintiff to his damage in the sum of $230."

The damage as disclosed by the evidence consisted in the freezing of the apples while in transit.

To this petition defendant below (plaintiff in error here) filed its answer, admitting that it received certain goods on December 12, 1904, at Louisville, Kentucky, to wit, 102 barrels of apples, and agreed to carry the said goods to Cincinnati, Ohio, and denied each and every other allegation of the petition. For further answer, defendant says:

"That said shipment of apples was made at New Amsterdam, Indiana, December 1, 1904, under a bill of lading, which provided that the said 102 barrels of apples would be delivered at Cincinnati, Ohio, without unnecessary delay, the danger of navigation, fire, explosions, mobs, riots, insurrection, bridges and all other known and unknown restrictions or accidents excepted, unto the consignee, with privilege of lightering, storing, towing, reshipping and changing carrier. * * * That said apples were carried in an open barge from New Amsterdam to Louisville for a period of about twelve days, and were not delivered to or reshipped upon the defendant's boat under said bill of lading until December 12, 1904, and defendant believes and alleges that if said apples were frozen they were frozen upon said open barge and before delivery to this defendant."

For further defense, this defendant says, "that if said ap-

ples were frozen while in its possession, which it denies, said freezing was caused by the inherent nature of the goods carried and the unusual condition of the weather and without any negligence on the part of this defendant whatsoever." The defendant also says for further defense "that immediately upon the arrival of said goods at Cincinnati December 13, 1904, it notified the plaintiff, but that the plaintiff failed to remove said goods within a reasonable time under the circumstances, and that if said goods were frozen while on the wharfboat of the defendant, which this defendant denies, said accident was caused by the negligence of the plaintiff in failing to remove said goods promptly."

The case went to trial before a jury upon these issues. It will be seen that the plaintiff charged the loss of the goods wholly on account of the negligence of the defendant. The defendant on the other hand denied that the goods were damaged, and further answering, said that if frozen, they were not frozen through any negligence on its part; that said freezing occurred either on the open barge between New Amsterdam and Louisville and before delivery to it, or they were frozen after being unloaded and placed upon the wharfboat in Cincinnati, owing to the negligence of the plaintiff in not removing them within a reasonable time.

The other defense is as to the nature of the goods and the unusual condition of the weather at that time and needs no further restatement. The case went to the trial upon these issues which were clearly set out in the pleadings and upon the issues as made in the pleadings and the law applicable thereto.

We find no error except in the charge of the court. Plaintiff in error complains of the following language in the general charge of the court, which is also contained in substance in a special charge given. "Nothing would excuse the carrier for failure to safely deliver the goods committed to its charge for transportation, except the acts of God and the public enemy."

We are of the opinion that it was error in the trial court to inject into the charge a defense not made in the pleadings. It will be seen that nowhere in the answer does the defendant below seek to defend on the ground that the freezing of this cargo of

Packet Co. v. Long.

apples was the act of God. This being the case it must be conceded that it was error for the court to refer to such a defense, but after careful consideration, we fail to see how this could have been prejudicial to the defendant. If it had any influence upon the minds of the jury, it certainly must have been such as would lead them to believe that the court took the view that the freezing of the apples may have been occasioned by the act of God for which the defendant would not be liable, and thus a greater burden was placed upon plaintiff.

In all other respects we find that this case was tried upon the issues and that the charge of the court upon the doctrine of negligence was correct. It may be that the reference to the act of God in the charge was caused by something said during the arguments of the counsel to the jury; but however that may be, the doctrine had no place in this case. The freezing of fruit in this latitude in the month of December must be attributable to the negligence of man, rather than to the act of the Almighty.

The plaintiff in error also contends that this judgment should be reversed because the evidence shows conclusively that the freezing of the apples was due to their inherent nature and could not be guarded against. The question as to whether the carrier exercised the proper degree of care to protect the fruit after arriving in Cincinnati was fully presented to the jury; also, as to whether the consignee had exercised due care in removing the apples from the wharfboat within a reasonable time. These questions were fully presented by the evidence and the charge of the court and the jury found in favor of the plaintiff. We can not disturb this verdict. It is an inherent quality of apples, and indeed all kinds of fruit after it has been gathered, to decay, but we doubt that it can be truthfully said that it is an inherent quality of apples to freeze any more than it is an inherent quality of man to freeze. The freezing of either is usually, if not always, caused by man's negligence, rather than by any inherent nature or any act of God.

Finding no error therefore prejudicial to the plaintiff in error the judgment of the court of common pleas will be affirmed.

**Smith** and **Swing, JJ.,** concur.